# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEAL BOYD,<br><br>        Petitioner,<br><br>    v.<br><br>PAUL SHULTZ,<br><br>        Respondent. | 1:05-cv-00568-AWI-TAG HC<br><br>REPORT AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### DISCUSSION

Petitioner filed the instant federal petition on April 28, 2005. (Doc. 1). Petitioner asserts a single ground for relief, i.e., that his sentence is invalid because he pleaded guilty to unarmed bank robbery but was sentenced for armed bank robbery. (Doc. 1, p. 3). Contemporaneous with the filing of his Petition, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. sec. 2241 ("motion to vacate"). (Doc. 3).[1] In that Motion to Vacate, Petitioner argues that his sentence was improperly enhanced by facts not admitted by him or

---

[1] The motion to vacate is relevant to a preliminary review of the Petition because, in that portion of the Petition explaining the grounds for relief, Petitioner explicitly refers to the motion to vacate and the legal arguments included therein. (Doc. 1, p. 3).

1

found by a jury, in violation of the United States Supreme Court's decisions in <u>Blakely v. Washington</u>, 159 L.Ed.2d 403 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). (<u>Id</u>. at p. 4).

Petitioner alleges that he is presently serving concurrent sentences of 60 months and 120 months as a result of convictions in the United States District Court for the Central District of California for violations of, respectively, 18 U.S.C. § 371 (conspiracy to commit bank robbery) and 18 U.S.C. § 2113(a)(d)(armed bank robbery). (Doc. 3, p. 2). Petitioner indicates that he previously filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the trial court on April 30, 2003. (<u>Id</u>. at p. 3). Petitioner is presently confined at the United States Penitentiary, Atwater, California. (<u>Id</u>. at p. 10).

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162; see also <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3rd Cir. 1991); <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation of <u>Blakely</u> error in sentencing is a claim that challenges the validity of his conviction and sentence. Thus, Petitioner is precluded from raising this claim in a petition

filed pursuant to § 2241.

A federal prisoner authorized to seek relief under § 2255 may nevertheless seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 2000 WL 1170161 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner's direct challenge to his sentence is inappropriately raised in a petition filed pursuant to § 2241.  Petitioner provides no substantive legal reasons for pursuing his claim through § 2241 rather than § 2255.   While it appears that Petitioner's unsuccessful prior motion pursuant to § 2255 prompted his filing of this § 2241 petition, as noted above, a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate such that this court can review these claims. Aronson v. May, 85 S.Ct. 3, 5 (1964).  Accordingly, Petitioner's request for modification of his sentence is inappropriately raised in this habeas proceeding, which must therefore be DISMISSED. [2]

---

[2] The Court notes that Petitioner's Motion to Vacate his sentence is, except for the caption, in all other respects a motion pursuant to § 2255.  Although Petitioner indicates in the caption and opening paragraph that he is proceeding pursuant to § 2241, the legal authority he cites is § 2255 and the relief he requests is relief afforded under

3

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 27, 2005**              /s/ Theresa A. Goldner
j6eb3d                                             UNITED STATES MAGISTRATE JUDGE

---

§ 2255.  Appropriately, this motion should have been filed in the Central District of California, since this Court has no jurisdiction to vacate or modify the sentence pursuant to § 2255.

4