IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEAL BOYD,<br><br>        Petitioner,<br><br>   v.<br><br>PAUL SHULTZ,<br><br>        Respondent. | CIV- F-05-0568 AWI TAG HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION<br><br>ORDER DENYING MOTION TO VACATE SENTENCE<br><br>(Documents #3 & #12) |

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On December 27, 2005, the Magistrate Judge filed Findings and Recommendations that recommended the petition be dismissed for failure to allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241. The Findings and Recommendation was served on Petitioner and contained notice to Petitioner that any objections were to be filed within thirty days. Petitioner has not filed objections.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendation to be supported by the record and by proper analysis. As correctly discussed by the Magistrate Judge, all of the petition's claims are an attack on Petitioner's conviction and sentence. Title 28 U.S.C. § 2255 provides the exclusive procedure by which a federal prisoner may test the legality of his detention. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). As noted by the Magistrate Judge, there is one exception to this general

rule.  Section 2255 provides that while a court normally cannot consider a habeas corpus petition authorized under section 2255 unless it is brought in the sentencing court under section 2255, a petitioner can bring a petition under section 2241 if the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  Because Petitioner has not demonstrated that his remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the validity of his detention," this court lacks jurisdiction to grant Petitioner relief through 28 U.S.C. § 2241.  See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam), *cert. denied*, 528 U.S. 1178 (2000); Pirro, 104 F.3d at 299.

   Accordingly, the Magistrate Judge properly recommended the court dismiss Petitioner's section 2241 petition.   The court HEREBY ORDERS that:

1.  The Findings and Recommendation issued by the Magistrate Judge on December 27, 2005, are ADOPTED IN FULL;
2.  Petitioner's motion to vacate his sentence is DENIED;
3.  The petition for writ of habeas corpus is DISMISSED; and
2.  The Clerk of the Court is DIRECTED to close this action.  This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   February 14, 2006**                /s/ Anthony W. Ishii
0m8i78                UNITED STATES DISTRICT JUDGE